UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
IN RE BARNETT CORPORATION, et al.,            Chapter 7
                                                                                Case No. 22-73623

                               Debtors.
-----------------------------------------------------------------X
INTER-PAPIER HANDELSGESELLSCHAFT,
MBH,
                                                                                Adv. Proc. No. 8-24-8122

                               Movant,
                                                                            **ORDER**
          v.                                                                       25-CV-4491-SJB

ALLAN B. MENDELSOHN,
*Solely in His Capacity as Chapter 7 Trustee of*
*The Estates of Barnett Corp. and Barnett Forest LLC*

                               Respondent.
-----------------------------------------------------------------X

**BULSARA, United States District Judge:**

         Defendant Inter-Papier Handelsgesellschaft, mbH ("Inter-Papier") has moved to withdraw the reference to the Bankruptcy Court of claims brought against it in an adversary proceeding. (*See generally* Adv. Proc. No. 8-24-8122, Bankr. E.D.N.Y.). That proceeding was initiated in connection with the Chapter 7 bankruptcy of Barnett Corporation and Barnett Forest LLC, which are importers and distributors of paperboard products. (*See generally In re Barnett Corp.*, Case No. 22-73623, Bankr. E.D.N.Y). The Trustee alleges that these debtors made fraudulent transfers to Inter-Papier which exceeded some $ 40 million. (Am. Compl. dated Dec. 17, 2024 ("Am. Compl."), attached as Ex. A to Def.'s Mot. to Withdraw Reference, Dkt. No. 1 ¶ 27; Mem. in Support of Def.'s Mot. to Withdraw Reference dated May 28, 2025 ("Def.'s Mot.

to Withdraw Reference"), Dkt. No. 1 at 1–2[1]). The Trustee's claims are for fraudulent conveyance, among others. (Am. Compl. ¶¶ 38–76). For the reasons below, the motion is denied.

The procedures governing bankruptcy proceedings and the referral of cases arising under the bankruptcy code provide:

> [t]he district court *may* withdraw . . . any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court *shall,* on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 USC § 157(d) (emphasis added). This proceeding was referred under the District's standing order.[2]

Inter-Papier contends that good cause exists for withdrawing the reference of its adversary proceeding. (Def.'s Mot. to Withdraw Reference at 5–11). "Courts in this circuit consider several factors in determining whether a party has shown cause to withdraw a reference," referred to as the *Orion* factors. *In re N. Boulevard Automall, LLC*, No. 20-MC-0142, 2022 WL 5184729, at *3 (E.D.N.Y. Oct. 5, 2022) (citing *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993)).

The first factor is whether the Bankruptcy Court has authority to finally adjudicate the matter. *Id.* (collecting cases following *Stern v. Marshall*, 564 U.S. 462

---

[1] Citations refer to original document pagination.

[2] The Eastern District's December 5, 2012 Administrative Order provides that all matters arising out the bankruptcy code are referred to the Bankruptcy Court for the Eastern District of New York.

(2011)). Inter-Papier contends that that the Bankruptcy Court lacks such authority, because the dispute does not involve a public right, involves no proofs of claim, and the parties have not consented to such final adjudication there. (Def.'s Mot. to Withdraw Reference at 6–8). All of this is certainly correct: the claims here are for fraudulent conveyance, or a similar cause of action, which do not involve public rights; no proofs of claim have been filed by Inter-Papier; and it has not consented to Bankruptcy Court jurisdiction. As a result, the Bankruptcy Court cannot enter final judgment. *In re Jacoby & Meyers-Bankr. LLP*, No. 15-CV-7144, 2017 WL 4838388, at *4 (S.D.N.Y. Oct. 25, 2017) (collecting cases). But that result alone does not require withdrawal of the reference. *See Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* No. 20-CV-4767, 2023 WL 6122905, at *6 (S.D.N.Y. Sep. 18, 2023) ("A determination that the bankruptcy court lacks authority to enter final judgment does not mandate withdrawal of the bankruptcy reference.") (collecting cases). The other *Orion* factors must still be evaluated.

The second factor considers whether the claims are largely equitable or legal. *In re Orion*, 4 F.3d at 1101. If they are largely legal, a jury trial right attaches; however, the Bankruptcy Court cannot hold a jury trial in a "non-core" proceeding. *Id.* (noting that district court's de novo review of jury trial in non-core proceeding would violate Seventh Amendment's Reexamination Clause). And in a "core" proceeding, the Bankruptcy Court can only hold a jury trial upon consent. *See* 28 U.S.C. § 157(e). Claims for fraudulent conveyance are "core" proceedings, *McCord v. Papantoniou,* 316 B.R. 113, 120 (E.D.N.Y. 2004) (collecting cases), and thus without consent, there can be no jury trial in Bankruptcy Court. As noted, no consent exists in this case. Again,

however, this does not compel withdrawing the reference, if "a case is unlikely to reach trial," or if "it will require protracted discovery and court oversight before trial." *In re Orion*, 4 F.3d at 1102; *In re Murphy*, 482 F. App'x 624, 628 (2d Cir. 2012) ("The mere presence of a jury demand in a case does not mandate withdrawal of the reference[.]").

In other words, the third group of *Orion* factors, which broadly encompass judicial economy and efficiency, can still result in a denial of the motion to withdraw. *In re Orion*, 4 F.3d at 1101 ("[O]nce a district court makes the core/non-core determination, it should weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors."); *see Sec. Inv. Prot. Corp.*, 2023 WL 6122905, at *3 ("[D]istrict courts should weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors, such as the presence of a jury demand." (quotations and citation omitted)); *e.g.*, *McCord*, 316 B.R. at 126.

Here, the Trustee asserts that this adversary proceeding is one of 30 such cases, all involving alleged fraudulent transfers conducted by the debtor and arising out of the same fraud. (Pl.'s Mem. in Opp'n to Mot. to Withdraw Reference dated July 1, 2025 ("Pl.'s Opp'n"), Dkt. No. 5 at 1). The case is only at its earliest stages. Indeed, Inter-Papier is contesting a threshold issue, personal jurisdiction, (Def.'s Mot. to Withdraw Reference at 1), little to no discovery has commenced, (Def.'s Reply in Support of Mot. to Withdraw Reference dated July 8, 2025 ("Def.'s Reply"), Dkt. No. 8 at 5), and the case would benefit from uniform case and discovery management, instead of being

siphoned off for bespoke treatment before the District Court. Inter-Papier contends that because of the absence of final authority, the final *Orion* factors point to withdrawal. (Def.'s Mot to Withdraw Reference at 10). Yet that argument collapses the first and the third group of *Orion* factors and downplays the significant discovery and pretrial efficiencies to be gained from Bankruptcy Court oversight. As to those, Inter-Papier points out that fraudulent conveyance actions are fact- and transaction-specific, and each of the 30 cases are in different procedural postures and none of the cases can be consolidated. (Def.'s Reply at 5–6). All true, but these considerations do not outweigh the benefit of having one judge preside over all matters involving the same debtor. *See In re Orion*, 4 F.3d at 1101 ("[H]earing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues."). Inter-Papier overstates the difference between the thirty adversary proceedings. All are fraudulent transfer actions, (Pl.'s Opp'n at 1), arising out the same fraud—Barnett's principal, Jason Rosenthal, allegedly took funds out of the debtors for his personal benefit, (*id.* at 1, 4)—even if the execution is specific to each transferee defendant. The Bankruptcy Court's experience with the debtors to date—a proceeding pending for over two-and-one-half years—and its need to resolve pending motions across all the many adversary proceedings counsel in favor, not against, it presiding over Inter-Papier's adversary proceeding. *E.g., In re Jacoby & Meyers-Bankr. LLP*, 2017 WL 4838388, at *5 ("In light of its involvement in this action to date, the Bankruptcy Court is familiar with the facts of the case and is well positioned to handle this adversary proceeding.") (collecting cases). Should Inter-Papier's adversary

proceeding become trial ready, nothing prevents the reference from being withdrawn then.  *E.g.*, *In re Lehman Bros. Holdings Inc.*, 18 F. Supp. 3d 553, 557–58 (S.D.N.Y. 2014) ("From a practical standpoint, the Bankruptcy Court will oversee discovery in this adversary proceeding, just as it is overseeing discovery in the numerous other proceedings . . . . Thereafter, there may be a motion for summary judgment, or the matter may be settled.  If a motion for summary judgment were granted, the District Court would review the decision de novo, but the decision by the Bankruptcy Court would be helpful to the Court . . . . If the adversary proceeding progressed to trial, Intel could seek to withdraw the reference at that time[.]").

For these reasons, the motion to withdraw the reference is denied.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date:  September 26, 2025
       Central Islip, New York

6